part of the principal, at least, of this note. It was never intended that this should be performed or not at the will of the plaintiff. Abundant consideration is found for this agreement to renew in the other business relations which were created between the parties by these same papers and by parol at the same time. If the defendant can prove that it was orally agreed that these renewals should be made of such amount as the defendant was unable to pay up to January 15, 1920, I think the case is governed by the well-settled rule that if a contract be made by parol and only a part thereof be reduced to writing, the whole contract may be shown. The case is clearly distinguishable from those in which it has been held that where a note has been given for a specific time you cannot show an agreement to renew by parol. Such an agreement would be in contradiction of the written instrument. By the writings themselves in this case the right to renew is given and the only element of the contract sought to be proven by parol is the extent of that right. The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. Dowling, J., concurs.

————

Jacob Breen, Respondent, v. Maison Charles Klein, Inc., and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Smith, Merrell and Greenbaum, JJ.

Jacob Breen v. Maison Charles Klein, Inc.— Motion denied, with ten dollars costs and stay vacated. Present — Clarke, P. J., Dowling, Smith, Merrell and Greenbuam, JJ.

Julio L. Arriaga, Respondent, v. E. H. Kluge Weaving Company, Appellant.— Order affirmed, with ten dollars costs and disbursements; the date for the examination to proceed to be fixed in the order. No opinion. Settle order on notice. Present — Clarke, P. J., Dowling, Smith, Merrell and Greenbaum, JJ.

Herman M. Gidden, Appellant, v. Leandro P. Gaxiola, Respondent.— Orders reversed, with ten dollars costs and disbursements, and motions denied, with ten dollars costs, on the ground that there is no evidence that the defendant was enticed into this State by trick or device. Present — Clarke, P. J., Dowling, Smith, Merrell and Greenbaum, JJ.

In the Matter of the Assignment of U. S. Foundry Company to William A. Ross for the Benefit of Creditors. Bernard Cowen, Substituted Assignee, Appellant; Fannie Ross and Another, as Administrators, etc.. of William A. Ross, Deceased, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Dowling, Smith, Merrell and Greenbaum, JJ.

The People of the State of New York ex rel. Broadway and Ninety-sixth Street Realty Company, Respondent, v. William E. Walsh, as Superintendent of Buildings of the Borough of Manhattan, City of New York, Respondent. Trio Amusement Company, Inc., Appellant.— Order modified as stated in order, and as so modified affirmed, without